UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY A. BAKER, II,

      Petitioner,                    Civil No. 2:12-10424
                                       HONORABLE GEORGE CARAM STEEH
v.                                   UNITED STATES DISTRICT JUDGE

MITCH PERRY,

      Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

      Jeffrey A. Baker, II, ("petitioner"), incarcerated at the Macomb Correctional

Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his

convictions for armed robbery, M.C.L.A. 750.529; felon in possession of a firearm,

M.C.L.A. 750.224f(2); carrying a concealed weapon, M.C.L.A. 750.227(2); third-degree

fleeing and eluding a police officer, M.C.L.A. 750.479a(3); possession of a firearm

during the commission of a felony, second-offense, M.C.L.A. 750.227b(1); and being a

third felony habitual offender, M.C.L.A. 769.11. Respondent has filed a motion for

summary judgment, contending that the petition was not timely filed in accordance with

the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner has filed a

reply to the motion. For the reasons stated below, the petition for a writ of habeas

corpus is summarily dismissed.

## I.  Background

Petitioner was convicted of the above offenses following a jury trial in the Wayne County Circuit Court.  Direct review of petitioner's conviction ended in the state courts on October 26, 2010, when the Michigan Supreme Court denied petitioner's motion for reconsideration of its earlier denial of his application for leave to appeal from the Michigan Court of Appeals' affirmance of his conviction on his appeal of right. *People v. Baker,* 488 Mich. 916, 789 N.W.2d 480 (2010).  Petitioner's habeas application is signed and dated January 26, 2012.[1]

## II.  Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)).  To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.*  The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F.Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person

---

[1]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on January 26, 2012, the date that it was signed and dated. *See Neal v. Bock,* 137 F. Supp. 2d 879, 882, n. 1 (E.D. Mich. 2001).

in custody pursuant to a judgment of a state court.  The one year statute of limitations

shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed

within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185,

1187 (E.D. Mich. 2001).

In the present case, the Michigan Supreme Court denied petitioner's motion for

reconsideration of their decision to deny his application for leave to appeal on October

26, 2010.  For purposes of the one year statute of limitations for filing habeas corpus

actions provided in 28 U.S.C. § 2244(d)(1)(A), a petitioner's "direct review" concludes

on the date that the Michigan Supreme Court refuses to reconsider its decision denying

leave to appeal. *See McClendon v. Sherman,* 329 F.3d 490, 493 (6th Cir. 2003).

However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin

to run on that day.  Where a state prisoner has sought direct review of his conviction in

the state's highest court but does not file a petition for certiorari with the U.S. Supreme

Court, the one year limitation period for seeking habeas review under 28 U.S.C. §

2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on January 24, 2011, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub*, 10 F.Supp.2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than January 24, 2012 in order for the petition to be timely filed.

Petitioner filed his habeas petition with this Court on January 26, 2012, two days after the one year limitations period had expired. The instant petition is therefore untimely.

In his reply to respondent's motion for summary judgment, petitioner acknowledges that his petition was untimely filed but contends that the limitations period should be equitably tolled.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;

-4-

(2) the petitioner's lack of constructive knowledge of the filing requirement;
(3) diligence in pursuing one's rights;
(4) absence of prejudice to the respondent; and,
(5) the petitioner's reasonableness in remaining ignorant of the legal
requirement for filing his claim.

*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at

1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas

petition," a petitioner would fail to exercise due diligence in pursuing his claim, and thus

would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A

habeas petitioner bears the burden of establishing that he is entitled to the equitable

tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th

Cir. 2003).

Petitioner first contends that the untimely filing of his petition should be excused

because in the week before he filed his habeas petition, the staff at the Newberry

Correctional Facility where he was incarcerated at the time that he filed his petition were

unable to provide him with a notary public to notarize his habeas petition. It was only on

January 26, 2012 that a notary public was made available to petitioner, at which time he

signed and dated his habeas petition.

Petitioner is not entitled to equitable tolling of the limitations period on this basis.

First, there is no requirement that a federal habeas petition be notarized and thus any

delays in obtaining a notary public to notarize the habeas petition would not equitably

toll the limitations period. See *Bilal v. Harkleroad*, No. 2008 WL 4186236, * 1 (W.D.

N.C. September 8, 2008)(citing Rule 2(c), Rules Governing Section 2254 Cases in the

United States District Courts). Moreover, petitioner's contention that his petition was

-5-

untimely filed because of his one week inability to obtain the notarization of his habeas petition amounts "to no more than what could have been expected from the normal operation of a prison system" and would not entitle him to equitable tolling of the limitations period.  *See Wilson v. Bennett*, 188 F. Supp.2d 347, 354 (S.D. N.Y. 2002); *See also Allen v. Johnson,* 602 F. Supp.2d 724, 728 (E.D. Va. 2009)(state prisoner failed to show requisite extraordinary circumstances to warrant equitable tolling of the AEDPA  limitations period, where the circumstances on which the petitioner relied, namely, his transfer to different correctional facilities, a facility lockdown, and lack of access to a notary, amounted to no more than the routine incidents and circumstances of prison life).

Petitioner next contends that the limitations period should be tolled because it took him about one week, namely, from January 16, 2012, to get the prison law librarian to make copies of his habeas petition for him, but that she refused to do so.  Petitioner claims that he ultimately requested the Clerk of this Court to accept his habeas petition for filing without the required service copies.

Petitioner is not entitled to equitable tolling on this basis.  Petitioner had almost an entire year to prepare and file his petition and waited until only eight days before the expiration of the limitations period to seek to have copies of his habeas petition made. Under these circumstances, petitioner has failed to show that he acted with due diligence in seeking habeas relief, so as to justify the equitable tolling of the limitations period based on the law librarian's failure to make copies of his habeas petition for him. *See Cook v. Stegall*, 295 F.3d 517, 521-22 (6th Cir. 2002)(habeas petitioner was not entitled to equitable tolling of limitations period in which to file habeas petition, even if

-6-

state prison's copier was broken in days leading up to deadline and prisoner elected to mail his petition to his daughter for copying in order to file duplicate copies as required by federal court's requirements, where prisoner waited 12 years after his conviction became final to seek habeas relief; extended period in which petitioner sat on his rights, showed lack of due diligence); *see also Alexander v. Schriro,* 312 Fed. Appx. 972, 975 (9th Cir. 2009)(petitioner's short delay in accessing copy machine to make copies of his habeas petition while prison resource center was temporarily closed for holidays and his prison counselor went on vacation for one week was not extraordinary circumstance justifying equitable tolling of AEDPA's one-year limitations period for seeking habeas relief, since petitioner had entire year to prepare and file petition).

Finally, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F.3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590. The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's

-7-

admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

In this case, petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Although petitioner has attached to his petition for writ of habeas corpus an affidavit from himself, in which he claims that he is innocent of the charges, a habeas petitioner's self-serving affidavit that he is innocent is insufficient to establish his actual innocence so as to toll the limitations period. *See McCray v. Vasbinder,* 499 F.3d 568, 573 (6th Cir. 2007). In addition, although petitioner claims in his petition that several civilian and police witnesses committed perjury, petitioner's unsubstantiated contention that the prosecution presented perjured testimony in his state court prosecution is insufficient to establish petitioner's actual innocence so as to toll the limitations period. *See Murray v. Bruce,* 191 Fed. Appx. 688, 689 (10th Cir. 2006). Finally, petitioner's claim that the witnesses' in-court identification of him was based on suggestive pre-trial identification procedures is not a claim of actual innocence that would justify tolling of the limitations period, because even if petitioner was not the actual gunman, petitioner could have been convicted under an aiding and abetting theory of these crimes for having been the getaway driver. Because any evidence regarding the weaknesses in the witnesses' identifications of petitioner would have not refuted petitioner's involvement in these crimes as an aider and abettor, petitioner is not entitled to

tolling of the limitations period under the actual innocence exception.  *See*

*Knickerbocker v. Wolfenbarger*, 212 Fed. Appx. 426, 434 (6th Cir. 2007).

### III.  Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's

one year statute of limitations contained in § 2244(d)(1).  The Court will summarily

dismiss the current petition.  The Court will also deny petitioner a certificate of

appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from

the district court's denial of a writ of habeas corpus may not be taken unless a certificate

of appealability (COA) is issued either by a circuit court or district court judge.  If an

appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall

either issue a certificate of appealability or state the reasons why a certificate of

appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a

prisoner must make a substantial showing of the denial of a constitutional right. 28

U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claims, a certificate of appealability

should issue, and an appeal of the district court's order may be taken, if the petitioner

shows that jurists of reason would find it debatable whether the petitioner states a valid

claim of the denial of a constitutional right, and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. *Slack v.*

*McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the

district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002).  Because a plain procedural bar is present, no further appeal would be warranted.  *Harris v. Stegall,* 157 F. Supp. 2d 743, 751 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Myers v. Straub,* 159 F.Supp. 2d 621, 629 (E.D. Mich. 2001).

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  October 29, 2012

s/George Caram Steeh                          
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and
on Jeffrey Baker #226365, Macomb Correctional Facility,
34625 26 Mile Road, New Haven, MI 48048, on
October 29, 2012, by electronic and/or ordinary mail.


s/Barbara Radke
Deputy Clerk